[No. 51013–0.   En Banc.   June 6, 1985.]

LARRY D. SETTERLUND, ET AL, *Appellants,* v. STEPHEN
C. FIRESTONE, ET AL, *Respondents.*

*Peter A. Matty* and *Matty & Templeton,* for appellants.

*David H. Armstrong* and *Armstrong, Buskirk & Anderson,* for respondents.

BRACHTENBACH, J.—The buyers seek specific performance of an earnest money agreement. The trial court dismissed the buyers' action. We affirm.

The main issue is—what degree of specificity must be contained in an earnest money agreement to allow a court to order specific enforcement of the documents which ultimately reflect the legal obligations of the parties. Before discussing the legal principles we turn to the facts.

The appellants were the buyers, the respondents the sellers, in an earnest money agreement involving commercial real estate. That agreement provided that the unpaid purchase price, after application of the down payment, was $205,000. From the words of the earnest money agreement it is clear that the unpaid balance was to be evidenced by a "promissory note secured by a deed of trust". This printed form earnest money agreement stated: "[i]f this agreement is for sale on NOTE AND DEED OF TRUST, the ATTACHED FORMS shall be used." However, no forms were attached nor were they available to the seller at that time. Approximately 3 days later the real estate agent sent a blank form note and deed of trust to the seller. Almost 3 months later the buyers went to the closing agent's office and signed all of the documents necessary to close the transaction, including a note and deed of trust, which were purportedly on the same forms furnished to sellers. The sellers never performed; the buyers sued for specific performance of the earnest money agreement and damages.

At the end of the buyers' case the sellers moved for dismissal. The sellers claimed that the buyers had not proven any damages and that the earnest money agreement was too indefinite to permit specific performance because the form note and deed of trust had not been attached. The buyers claimed a right to reopen and affirmatively claimed that the sellers' defense of nonspecificity was one which should have been pleaded affirmatively. The sellers' motion to dismiss was granted.

The legal principle with which we are concerned is that preliminary agreements must be definite enough on material terms to allow enforcement without the court supplying those terms. *Hubbell v. Ward,* 40 Wn.2d 779, 246 P.2d 468 (1952) laid down this premise in a case involving

the specific performance of an earnest money agreement, which referred to a contemplated future real estate contract. Although the present case involves a note and deed of trust rather than a real estate contract, the requirement of specificity of material terms is just as applicable.

The appellants would have us distinguish *Hubbell* on each of the material terms therein missing. Such a request indicates a misperception of the basic issue. The problem is not one of determining how many more terms are included in one agreement or another, but whether a particular agreement includes sufficient material terms. This case is a perfect illustration of the danger of trying to enforce a nonspecific preliminary agreement.

Here the earnest money agreement required the sellers to accept, as security for $205,000, a promissory note and deed of trust. The obvious question is: upon what terms? Unfortunately, in their case, the buyers never even offered or introduced those two documents which would cast into legal formality the terms and conditions upon which the sellers' security depended. Essential for specific enforcement would be proof that the terms which the parties considered essential were before the court. Without the note and deed of trust in the record the court would be attempting to order execution of documents that might contain very material, but unknown terms.

The crucial documents, and therefore the terms that the parties would consider essential, are not before us. The record is in and of itself silent as to the form and contents of those documents. The only place they appear is in an attachment to an after–trial memorandum; even there they are deficient. For example, (1) the purported "form" promissory note in the file, not in the trial record, states: "see back side"; the back side is not included; (2) the purported deed of trust allocates, without specificity, the separate ownership of the property between the recently married sellers, beneficiaries. The parties never agreed to such terms.

We do not enumerate those items which constitute mate-

rial terms which must be agreed upon in the earnest money agreement. The general principle must be applied factually in each case. However, one item illustrates the deficiency of this earnest money agreement. The so-called "form note" has a blank space to set the interest rate to be paid after failure to pay according to the terms of the note, *i.e.*, after default.

The parties never agreed upon that rate of interest. The closing agent inserted 12 percent per annum. The note which the buyers want the court to order to be executed thus sets the after default interest at 12 percent. What if the sellers insisted upon 12½ percent or 15 percent? The court should not supply those terms upon which the parties have not agreed. This one point, very important with an unpaid balance of $205,000, demonstrates why specific performance must fail.

█ Turning to the argument that lack of specificity is an affirmative defense, it is clear that those who seek specific performance must prove the specificity of material terms of the agreement they seek to enforce. This, then, becomes part of appellants' prima facie case for specific performance, regardless of what other issues are presented at trial. In short, the buyers had to prove the existence of a preliminary agreement which contained terms specific enough to be enforced without the court drafting the final documents. That was the appellants' burden and the respondents need not plead as a defense an element which the appellants must prove. 71 Am. Jur. 2d *Specific Performance* § 207, at 265 (1973).

The trial court is affirmed.

DOLLIVER, C.J., and UTTER, DORE, ANDERSEN, CALLOW, and GOODLOE, JJ., concur.

DURHAM, J. (dissenting)—I concur in the majority's holding that the remedy of specific performance is not available for the breach of a purchase and sale agreement if the parties have not agreed to the material terms of their ultimate

contract. I also agree that this principle, set forth in *Hubbell v. Ward,* 40 Wn.2d 779, 246 P.2d 468 (1952), applies with the same force to a sale involving a note and deed of trust as it does to a sale involving a real estate contract. However, I do not agree that this rule precludes the remedy of specific performance in this case, and I respectfully dissent.

In *Hubbell,* this court held that specific performance of a purchase and sale agreement is not available in the absence of agreement on all material terms of the contemplated real estate contract. We refused to order specific performance, because to do so would have required the trial court to supply the terms of the contemplated contract for the parties. The majority interprets *Hubbell* to require that all the material terms of the parties' ultimate contract be included in the purchase and sale agreement. I disagree with this interpretation. *Hubbell* requires only that the parties have agreed to all material terms. So long as there is other admissible evidence of those agreed terms, a purchase and sale agreement is subject to specific performance.

My interpretation of *Hubbell* is consistent with the cases since decided. In *Paullus v. Fowler,* 59 Wn.2d 204, 367 P.2d 130 (1961), specific performance was ordered on an option to purchase real property. The option clause in the buyer's lease did not specify all of the terms the parties contemplated including in the real estate contract, and the lessor did not execute one. However, this court found that the parties had agreed to all material terms of the real estate contract and that evidence of these terms could be found in the escrow instructions prepared by the lessor. *Paullus,* at 212–13. Similarly, in *Haire v. Patterson,* 63 Wn.2d 282, 287, 386 P.2d 953 (1963), this court indicated that specific performance of the purchase and sale agreement would have been granted if the buyer had proven agreement to the missing terms by written or parol evidence.

If we were to consider only the purchase and sale agreement executed by the parties, the remedy of specific performance would not be available to the Setterlunds.

However, there is other evidence that the material terms of their ultimate contract were agreed to by the parties. The buyers allege that they approved a form note and deed of trust when they signed the purchase and sale agreement. These forms were not provided to the sellers when the sellers signed the purchase and sale agreement. However, the buyers allege that the sellers orally modified the provision in the purchase and sale agreement which required that the note and deed of trust be attached, and agreed that the forms were to be mailed to the sellers for approval. Buyers further allege that the sellers made no objection to these forms and that identical forms were executed by the buyers at closing. This is evidence that the terms in the note and deed of trust signed by the buyers at closing were the terms agreed to by both parties. Thus, the court is no longer in a position in which it must specify terms for the parties. It need only determine if these terms were, in fact, agreed to. If that is the case, the remedy of specific performance may be available.

Unfortunately, the buyers failed to offer this evidence in their case in chief. Realizing the oversight when the sellers made a motion to dismiss, buyers' counsel offered to reopen to present the required evidence. After argument, the trial court refused to allow the buyers to reopen and granted the sellers' motion to dismiss. This was error.

Generally, a trial court's ruling on a motion to reopen for further evidence will not be overturned absent an abuse of discretion. *Fuller v. Ostruske,* 48 Wn.2d 802, 808, 296 P.2d 996 (1956). Here, however, the trial court's decision was based on a misinterpretation of the rule in *Hubbell.* The trial court assumed that the additional evidence offered by the buyers was immaterial, reasoning that even if the seller had agreed to the use of a particular form note and deed of trust several days after the purchase and sale agreement had been signed, this could not correct the deficiencies in the purchase and sale agreement at the time of signing. In reaching this conclusion, the trial court confused the specificity required for a contract to be valid with that required

for a contract to be specifically enforced. Evidence, other than the purchase and sale agreement, that the parties had agreed to the specific terms of the note and deed of trust signed at closing is relevant to determining if the parties had agreed to all material terms of their ultimate contract, and the trial court should have allowed the buyers to reopen their case and present this evidence.

To deny buyers the remedy of specific performance as a matter of law in this case, as does the majority, creates uncertainty as to the enforceability of every purchase and sale agreement and weakens an instrument essential to most real estate transactions. For this reason, I would remand with directions to the trial court to allow the buyers to present evidence that the parties had agreed to the use of the form note and deed of trust signed by the Setterlunds at the closing. If this can be proven, the buyers may be entitled to specific performance.

PEARSON, J., concurs with DURHAM, J.