[No. 45573-7-I.   Division One.   March 5, 2001.]

*In the Matter of the Marriage of* MEENAKSHI S. PETRIE, *Respondent*, and DAVID M. PETRIE, *Appellant.*
MEENAKSHI S. PETRIE, *Respondent*, v. DAVID PETRIE, *Individually and as Trustee, Appellant.*

*W. Tracy Codd*, for appellant.
*David S. Kerruish*, for respondent.

APPELWICK, J. — David Petrie appeals a superior court order removing him as trustee of his children's real estate

trust and as custodian of the children's investment accounts. The trial court concluded that Petrie breached his fiduciary duty by mishandling funds within the custodial accounts. Even though there was no direct evidence that Petrie mishandled assets within the real estate trust, the court was entitled to consider Petrie's behavior in relation to the custodial funds when determining that he should be removed as trustee of the real estate trust. We therefore affirm.

## FACTS

David Petrie and Meenakshi Sharma were married in May 1981. They have two sons, Rahul Petrie, born December 13, 1981, and Arvind Petrie, born July 25, 1983. Sharma filed for divorce from Petrie in October 1995.

The marriage dissolution action was consolidated with a civil lawsuit that Sharma brought in October 1996. The civil lawsuit concerned a trust that Petrie had earlier established for the parties' two children, with himself as trustee. The assets in the trust include several parcels of real estate. Petrie had also created investment accounts in trust for the children under the Uniform Gifts to Minors Act, with himself as custodian.

The parties entered a settlement agreement in February 1997. Pursuant to the agreement, the trust was reformed, with Petrie remaining as trustee of the real estate trust and custodian of the investment accounts. The settlement agreement requires both Petrie and Sharma "to account and report fully to the beneficiaries and each other for all trust and Custodial Account activities as required by law, and make all records available for review by the [sic] each other, the beneficiaries or any other person as ordered by the court or the arbitrator." In addition, the trust agreement requires the trustee to secure a bond in the amount of $200,000 to indemnify the trust. The settlement agreement provides that if either party fail[s] to comply with the terms

of the trust agreement or any provision of law or court order, the Husband's or Wife's right to serve as Trustee or Custodian shall be terminated."

Shortly after entry of the agreed-upon orders and establishment of the new trust, Sharma applied for enforcement of the settlement. In May 1998, the trial court entered a supplemental judgment against Petrie in favor of Sharma. In addition, the court ordered each party to provide the other, within 10 days of receipt, "any document related to any asset or liability of the trust or any custodial account administered by the party." The court stated that if either party failed substantially to comply with the requirement to exchange information, "such failure to comply shall be a basis for application to the court for removal of the party from further administration of the children's assets."

In 1998, Petrie purchased a 1997 Lincoln Continental with funds from the custodial account he administered for Arvind. Petrie did not notify Sharma of the purchase of the asset with custodial funds, as required by the court's order and the parties' settlement. In November 1998, Sharma, attempting to collect her judgment against Petrie, executed and levied upon the car as an asset of Petrie's.

Petrie moved under chapter 6.19 RCW to establish an adverse claim of Arvind for ownership of the car. The trial court held a hearing on the issue, and made a series of findings. The court found that Petrie exercised exclusive control over the car, and that there was no evidence that the car could be considered an investment on behalf of Arvind. The court concluded that the purchase of the car violated the court's orders regulating the use of the children's custodial funds, as well as Washington State law regarding proper fiduciary investment of funds. The court denied Petrie's motion and ordered the sheriff's sale of the car to proceed.

In March 1999, the trial court entered supplemental findings of fact, conclusions of law and an order. The court found that Petrie had not complied with the court's orders in relation to his duty to report to Sharma regarding the use

of the children's custodial assets. The court appointed a guardian ad litem (GAL) to investigate and report to the court regarding Petrie's use of the children's custodial funds.

The GAL completed and filed her report with the court. The GAL reported that, in addition to purchasing the Lincoln with custodial funds, Petrie had deposited his pension checks into the custodial accounts and had used custodial funds to pay his maintenance obligation to Sharma and his own attorney fees. Petrie had also used custodial funds to make credit card payments, which were not established as expenditures on behalf of the children. Additionally, over $31,000 had been deposited into Arvind's account, and the source of the deposit was unknown. The GAL concluded that Petrie was "treating these accounts like his personal checking account." Clerk's Papers at 15. The GAL recommended that the court appoint someone other than Petrie to serve as custodian for the children's investment accounts.

In September 1999, Sharma filed a motion to remove Petrie as custodian of the investment accounts and as trustee of the children's trust. The court, without oral argument, entered an order removing Petrie as custodian and as trustee. The court relied upon the reasons supplied by the GAL as well as its own additional findings. The court appointed a successor trustee who was unrelated to the children.

Petrie moved for reconsideration of the court's order, trying to limit the scope of the order to his removal as custodian of the investment accounts, but not as trustee of the real estate trust. The court denied the motion. In a letter attached to the order denying reconsideration, the court stated that it removed Petrie as trustee of the real estate trust because he had failed to perform his fiduciary duties as custodian of the investment accounts. As the court explained, it had no confidence that Petrie would perform at a higher level of competence in regard to the real estate trust.

In December 1999, Petrie filed a motion requesting the appointment of a discovery master, and to submit additional evidence regarding the nature of the real estate trust assets and his fitness to act as trustee. The trial court denied the motion. Again, the court attached a letter to the order denying Petrie's motion. In the letter, the court explained:

> Let me reiterate again, . . . the <u>primary</u> reason for the removal of Mr. Petrie as trustee was not his complete failure to comply with the provisions of the trust but rather his failure to act in the best interest of the children. His expenditure of funds to buy an expensive car for a child who was not of driving age clearly illustrates his inability or unwillingness to act in their best interests. I believe it most improbable that a man who is not acting in the children's best interests in mind when it concerns their money would act in their best interest when it concerns their real estate.

Petrie appeals.

## ANALYSIS[1]

Petrie essentially argues that the trial court abused its discretion in removing him as trustee of the trust containing real estate assets, rather than merely as custodian of the children's investment accounts. He also argues that the trial court abused its discretion by refusing to consider additional evidence as to his fitness as trustee, which he offered to present in his motion for reconsideration and his motion to appoint a discovery master.

■ "A court has a 'wide latitude of discretion' to remove the trustee, 'when there is sufficient reason to do so to protect the best interests of the trust and its beneficiaries.'" *In re Estate of Cooper*, 81 Wn. App. 79, 94-95, 913 P.2d 393

---

[1] Petrie contests, for the first time in his reply brief, certain actions by the successor trustee as well as a trial court order holding him in contempt for trying to develop the land held in trust. These events occurred after the events at issue in this appeal. We will not consider an issue raised for the first time in a reply brief. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Any of the trial court's orders subsequent to the orders on appeal are not properly before us.

(1996) (quoting *Schildberg v. Schildberg*, 461 N.W.2d 186, 191 (Iowa 1990)). A trial court's decision in a removal case will seldom be overturned absent an abuse of discretion. *Fred Hutchinson Cancer Research Ctr. v. Holman*, 107 Wn.2d 693, 716, 732 P.2d 974 (1987). A trial court does not abuse its discretion unless the exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons. *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 665, 989 P.2d 1111 (1999).

Petrie has not assigned error to any of the trial court's findings. They are therefore verities on appeal. *See, e.g.*, *Johnson v. Kittitas County*, 103 Wn. App. 212, 216, 11 P.3d 862 (2000) (trial court's findings of fact are verities on appeal, where appellant did not assign error to those findings).

The trial court relied on four findings of fact in ordering Petrie removed as trustee and custodian of his children's assets. First, the court found that Petrie had failed to perform his duty to report to Sharma regarding activity in the custodial accounts and the trust, as both the settlement agreement and the trial court's orders required. The court also found that Petrie had failed to produce a substantial portion of the documents that Sharma subpoenaed in relation to the car and use of the children's assets. A trustee owes the beneficiaries of the trust "the highest degree of good faith, care, loyalty and integrity. This duty includes the responsibility to inform the beneficiaries fully of all facts that would aid them in protecting their interests." *Esmieu v. Schrag*, 88 Wn.2d 490, 498, 563 P.2d 203 (1977) (citations omitted). Failure to report can be a breach of fiduciary duty.

Petrie cites *In re Estate of Ehlers*, 80 Wn. App. 751, 911 P.2d 1017 (1996) in support of his argument that his failure to report information as required by the trust document and prior court orders is unimportant and does not justify his removal. But *Ehlers* does not apply, because in that case, there were no court orders or trust instruments requiring the supply of information, only the statutory duty

to account described in RCW 11.106.030.

■ Second, the trial court found that Petrie's purchase of a luxury car from the custodial account of a child who could not drive the car was a breach of fiduciary duty. The court found that Petrie was the primary driver of the car and registered it in his own name. The misappropriation of custodial funds to purchase a personal asset is a breach of fiduciary duty.

■■ Third, the trial court found that Petrie had improperly commingled his personal funds with funds in the custodial accounts. Petrie's commingling of funds and purchasing of personal assets with custodial funds are a form of self-dealing. A trustee who engages in self-dealing violates his duty of loyalty to the beneficiaries. *In re Guardianship of Eisenberg*, 43 Wn. App. 761, 767, 719 P.2d 187 (1986). Petrie explains away the commingling of his personal funds and payment of personal debts from custodial accounts by claiming a net benefit to the beneficiaries. But a trustee's commingling of personal funds and assets with the funds and assets of a beneficiary is a breach of fiduciary duty because it creates a conflict of interest for the trustee. Thus, the trial court properly relied on this as a reason for removal.

■■ Finally, Petrie failed for two years to obtain the required $200,000 bond to indemnify the trust. Petrie argues that, having no instructions on when to post the bond and what funds to use for the procurement of the bond, he should be excused from his failure to obtain the bond. It is the duty of the trustee, not the court or the beneficiaries, to take the steps needed to obtain instruction from the court when the trustee is unclear on a course of action. For example, the trustee may apply to the court for a determination of the trustee's duties, where the trust instrument fails to give the trustee adequate guidance. *See* RCW 11.96A.070(1)(c), .020(1)(b). Petrie cannot use his ignorance and unwillingness to act as an excuse for failing to comply with the terms of the trust.

■ Petrie asks this court to accept the premise that his

misconduct related to the use of the custodial accounts cannot reflect adversely on his lack of fitness to act as a fiduciary over the trust assets. But Petrie's conduct was a breach of fiduciary duty to the beneficiaries. The court's conclusion that Petrie's lack of good judgment and willingness to use assets entrusted to him as a fiduciary illustrate his unfitness to act as a fiduciary for any of the children's assets was not unreasonable.

Petrie argues that the trial court had limited or insufficient evidence before it when it considered removing him as trustee. He contends that since the GAL did not report on his fitness regarding the trust, but only on his actions regarding the custodial funds, the court had insufficient evidence to make an informed decision regarding his ability to act as trustee of the real estate trust. But again, as the trial court explained, it removed him as trustee of the real estate trust not because of his actions as trustee specifically, but because of his other failures of fiduciary duty. The court was entitled to consider Petrie's overall fitness to act as a fiduciary and proclivity to misconduct when determining that he should be removed as trustee of the real estate trust.

Petrie claims that the cost of a professional trustee makes his removal as trustee contrary to the best interests of the beneficiaries. But Petrie has provided no evidence to support this contention. The professional trustee's fees are subject to review by the court at the request of an interested party, which should ensure their reasonableness. *See* RCW 11.96A.020(1)(b), .030(1)(c). The trial court's decision to retain a professional trustee, in light of Petrie's conduct, was well within its discretion.

Sharma requests her attorney fees on appeal. The trial court awarded Sharma attorney fees and costs, and entered this conclusion of law:

Sharma, as the mother of the children and as a person entitled by law to raise the issues in her motion, has assisted in the preservation of the custodial and trust assets by forcing the sale of the vehicle, obtaining appointment of the GAL for an

investigation, and by obtaining removal of David Petrie as Custodian and Trustee. Under RCW 11.96A.150, Sharma is entitled to payment of her attorney's fees and costs incurred in these efforts.

Sharma requests that this court award her attorney fees and costs, payable from the trust assets and the custodial accounts, on the same basis.

■■ ■■ RCW 11.96A.150 provides that "[e]ither the superior court or the court on appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: . . . (b) from the assets of the estate or trust involved in the proceedings." Fee awards are left to the discretion of the court. *Gillespie v. Seattle-First Nat'l Bank*, 70 Wn. App. 150, 177, 855 P.2d 680 (1993). Here, the trust agreement allows the custodial funds to be used for payment of professional fees, to the extent such fees benefited the beneficiaries or the trust estate. Thus, payment of Sharma's attorney fees from custodial assets is appropriate.

The trial court is affirmed and Sharma is awarded her reasonable attorney fees and costs on appeal, payable from the custodial accounts or trust assets.

AGID, C.J., and KENNEDY, J., concur.