**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

FILED
COURT OF APPEALS
DIVISION II

2015 FEB 24 AM 9: 31

STATE OF WASHINGTON
No. 45146-8-II
BY_____
DEPUTY

|  |  |
|---|---|
| In re the Marriage of:<br><br>BRETT CLYDE BIRCH,<br><br>             Appellant.<br><br>and<br><br>VICKEY ANN BIRCH,<br><br>             Respondent. | UNPUBLISHED OPINION |

MELNICK, J. – Brett Clyde Birch appeals a dissolution decree that awarded his former wife, Vickey Ann Birch, a disproportionate share of property, as well as maintenance and attorney fees. Brett[1] contends that the combined awards constituted an abuse of discretion. We disagree, affirm the trial court, and award Vickey attorney fees on appeal.

## FACTS

Brett and Vickey married on March 11, 1978, when they were 19 years old. After Brett filed a petition for separation on December 6, 2011, Vickey responded with a counter-petition for dissolution of the marriage. The parties generally agreed on the proposed property distribution, but they disagreed on the issues of maintenance and attorney fees. The matter went to trial in 2013. Both parties testified.

Vickey graduated from high school and attended community college for nine months. When she married, she earned $4.50 per hour working in a potato warehouse. Vickey stopped working when she was six months' pregnant with her first child. The parties' two children were born in 1979 and 1981.

---

[1] We refer to the parties by their first names for clarity. We intend no disrespect.

Although she was the primary caregiver for the children, Vickey also worked outside the home, except for short breaks before and after each birth. At one point she looked into becoming a teacher, but the parties agreed that it was not feasible for her to pursue her degree with two small children. Vickey instead became a paraeducator for school districts in Idaho and Washington and structured her work around caring for her children.

At the time of trial, Vickey was earning $17 per hour as a paraeducator for the Peninsula School District. She also had employment at a group home for 8-12 hours a week, with an hourly wage of $11.06. During the summer, Vickey occasionally worked as a field supervisor for the school district's soccer fields, earning $13 an hour.

Vickey averaged earning $1,728 a month from these jobs. She testified that her monthly expenses after trial would be over $3,000. Vickey did not foresee any circumstance where she would increase her earnings. Upon retiring from the school district at age 65, Vickey estimated that her total monthly benefit would be approximately $1,600.

When the parties separated in 2011, Brett stayed in the family home and Vickey moved out. Vickey was awarded $650 in temporary spousal maintenance based on Brett's unemployment at the time. Vickey lived with a friend for three months, and after a short stay in her own apartment, moved out to house sit to save money. Vickey testified that she would need to find another place to live following trial and that she hoped to buy a small house.

Brett also is a high school graduate. A member of the glazier's union, he worked largely on glass and frame installation for high-rise buildings. Brett worked 40 hours a week, earning $37.55 an hour, and his average monthly net income was $4,933. At the time of trial, Brett's monthly expenses were approximately $2,600.

If Brett retires at age 55, he will receive a monthly retirement benefit of $1,901.40. If he retires at age 62, he will receive $2,716.28 per month. He testified that he wanted to retire early so that he could focus on developing some unimproved real property next to the family residence. This land could be subdivided into eight lots. Unimproved, it had a value of $124,000, but the parties believed that the property could be worth $800,000 to $1 million when developed.

After the parties testified, the trial court adopted their proposed 60/40 property division. RP 147-49. The court awarded Vickey property worth $232,043.34, and Brett property worth $154,696. RP 149; CP 15-16.

The trial court rejected Brett's argument that the 60/40 distribution of property rendered an award of maintenance unfair. The court entered the following findings of fact to support its decision to award Vickey maintenance:

> This is a long-term marriage of 33 years to the date of the parties' separation, and 35 years to the time of trial.
>
> The husband is age 54 and works full-time as a union glazier, earning $37.55 per hour. His net monthly earnings are approximately $4,933.
>
> The wife is age 55 and works two part-time jobs. Her total hours at both jobs are greater than 40 hours per week. Her net income from both sources combined is $1,728.
>
> By the parties' joint decision, the family relied primarily upon husband's earnings during their marriage, while the wife's employment was typically structured around her primary responsibility for the parties' children and the home. The wife did not further her formal education after marriage. Her income has historically been significantly less than the husband's earnings.
>
> As a result of the parties' joint choices during marriage, there is significant disparity in their respective abilities to earn a self-supporting income. The wife is economically disadvantaged as a result of marital decisions.
>
> Given her current age, as well as the time and cost involved, it is not reasonable to expect the wife to [acquire] an education and training and then build a new career with greater earnings prior to her normal retirement age.

The wife has demonstrated need of financial support from the husband. The husband has the ability to pay spousal maintenance while meeting his own needs.

Clerk's Papers at 11.

The court awarded Vickey maintenance of $1,500 per month until Brett retires or turns 62, whichever is sooner. And, after Vickey requested attorney fees of $14,000 to $16,000, the trial court awarded $7,500 in fees based on Vickey's need and Brett's ability to pay.[2]

Brett now appeals the trial court's maintenance and fee awards, arguing that they were an abuse of discretion given the disparate property division in Vickey's favor. We affirm.

ANALYSIS

I.     PROPERTY DIVISION AND AWARD OF MAINTENANCE

The standard of review we follow is set forth in *In re Marriage of Landry*, 103 Wn.2d 807, 809-10, 699 P.2d 214 (1985) (citations omitted):

[T]rial court decisions in a dissolution action will seldom be changed upon appeal. Such decisions are difficult at best. Appellate courts should not encourage appeals by tinkering with them. The emotional and financial interests affected by such decisions are best served by finality. The spouse who challenges such decisions bears the heavy burden of showing a manifest abuse of discretion on the part of the trial court. The trial court's decision will be affirmed unless no reasonable judge would have reached the same conclusion.

Brett first contends that the trial court abused its discretion by ordering both a disproportionate property distribution and maintenance. He also asserts that the trial court did not articulate a reasonable basis for awarding Vickey maintenance in addition to the greater share of property.

The distribution of property during a dissolution proceeding should be guided by the trial court's determination of what is fair, equitable, and just, after taking into account the parties'

---

[2] The court also awarded Vickey attorney fees of $500 based on her motion to compel discovery. Brett does not challenge that award of fees on appeal.

economic circumstances, their separate and community property, and the duration of their marriage. RCW 26.09.080; *In re Marriage of Wallace*, 111 Wn. App. 697, 707, 45 P.3d 1131 (2002). In deciding whether to award maintenance, the court should consider factors that include the financial resources of each party; the age, physical and emotional condition, and financial obligations of the spouse seeking maintenance; the standard of living during the marriage; the duration of the marriage; and the time needed by the spouse seeking maintenance to acquire education necessary to obtain employment. RCW 26.09.090; *In re Marriage of Luckey*, 73 Wn. App. 201, 209, 868 P.2d 189 (1994). The only limitation placed on a court's ability to award maintenance is that the amount and duration must be just in light of the relevant factors. *In re Marriage of Washburn*, 101 Wn.2d 168, 178, 677 P.2d 152 (1984). Maintenance is "not just a means of providing bare necessities, but rather a flexible tool by which the parties' standard of living may be equalized for an appropriate period of time." *Washburn*, 101 Wn.2d at 179.

Brett cites no authority to support his claim of error, but Vickey cites a recent case upholding an award of maintenance to a spouse who also received a disproportionate award of property. *In re Marriage of Wright*, 179 Wn. App. 257, 319 P.3d 45 (2013), *review denied*, 180 Wn.2d 1016, 1019 (2014). The *Wright* court expressly held that the trial court has discretion to award both an unequal property division and maintenance in favor of the same spouse. *Wright*, 179 Wn. App. at 269 (citing *In re Marriage of Rink*, 18 Wn. App. 549, 571 P.2d 210 (1977)).

Vickey also relies on *In re Marriage of Sheffer*, 60 Wn. App. 51, 53, 802 P.2d 817 (1990), where the court remanded a case in which the trial court had already awarded the wife a higher share of property in addition to maintenance. The purpose of the remand was to increase the maintenance award:

> [M]aintenance should be utilized in this case as a flexible tool to more nearly equalize the post-dissolution standard of living of the parties, where the marriage is long term and the superior earning capacity of one spouse is one of the few assets of the community.
>
> The standard of living of the parties during marriage and the parties' post-dissolution economic condition are paramount concerns when considering maintenance and property awards in dissolution actions. The record does not convince us that the trial court adequately considered these primary factors. We therefore reverse and remand this case for revision of the maintenance award by the trial court.

*Sheffer*, 60 Wn. App. at 57-58. Both *Sheffer* and *Wright* support the trial court's decision to award Vickey maintenance.

Brett's related complaint that the trial court failed to articulate the reasons for awarding Vickey maintenance overlooks the court's written findings of fact. Because he did not challenge them, these findings are verities on appeal. *In re Marriage of Petrie*, 105 Wn. App. 268, 275, 19 P.3d 443 (2001). The trial court considered the factors in RCW 26.09.090 in finding that Vickey was economically disadvantaged due to the parties' decisions during their 33-year marriage, that she had demonstrated a need for financial support, and that Brett could pay maintenance while meeting his own needs.

Brett also overlooks the trial court's oral ruling, in which the court rejected his argument that it could not award maintenance after awarding an unequal distribution of property:

> [T]he agreement and the analysis for whether or not Mrs. Birch is entitled to maintenance is a very different analysis than a fair and just division of the assets acquired and the distribution of debt. It's no doubt that this is a maintenance trial. RCW 26.09.090 sets [out all] of the factors that the Court must consider. And there

is specific case law, and various appropriate theories that the Court can consider if an award of spousal maintenance is going to be made.

Report of Proceedings at 149. The court then applied the statutory factors to the facts before concluding that spousal maintenance would equalize the parties' income until retirement.

We see no abuse of discretion in the court's award of spousal maintenance to Vickey, even after she received a disproportionate share of the parties' property. Because we are unable to conclude that no reasonable judge would have made the same decision, we reject this claim of error.

## II. ATTORNEY FEES

Brett makes a related challenge to the trial court's decision to award Vickey $7,500 in attorney fees. This decision is also reviewed for abuse of discretion. *In re Marriage of Mattson*, 95 Wn. App. 592, 604, 976 P.2d 157 (1999). Under RCW 26.09.140, the trial court may order a party in a dissolution action to pay reasonable attorney fees after balancing the requesting party's needs against the opposing party's ability to pay. *Mattson*, 95 Wn. App. at 604. A spouse is not entitled to attorney fees as a matter of right. *Sheffer*, 60 Wn. App. at 59.

The trial court considered Vickey's need and Brett's ability to pay in awarding Vickey part of her fee request. We see no abuse of discretion in this award. *See Sheffer*, 60 Wn. App. at 59 (trial court with "all the financial facts before it" awarded the wife both a disproportionate amount of property and attorney fees).

Vickey also requests attorney fees on appeal. We may award such fees after considering the financial need of the requesting party, the other party's ability to pay, and the arguable merits of the issues raised on appeal. *In re Marriage of Kim*, 179 Wn. App. 232, 256, 317 P.3d 555, *review denied*, 180 Wn.2d 1012 (2014). We award reasonable attorney fees to Vickey. See RAP 18.1.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Bjorgen, A.C.J.