# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Estate of:

GARY M. RUSING,

                  Deceased.

LAURENE RUSING, individually, and as
Personal Representative of the Estate
of Garrett Rusing, and as representative
of minors heirs Justice Rusing and
Grace Rusing,

                  Appellant,

        v.

CHRISTOPHER RUSING, individually,
and as Personal Representative for the
Estate of Gary M. Rusing,

                  Respondent.

DIVISION ONE

No. 80719-6-I

UNPUBLISHED OPINION

DWYER, J. — Laurene Rusing appeals from the dismissal of her complaint on behalf of her children, against the estate of her ex-husband, Gary Rusing, alleging that Gary breached an obligation arising from an order of child support requiring that, upon his death, he bequeath or devise 50 percent of his net estate in trust for their children. Because Gary breached this obligation, we reverse the order of dismissal and remand the cause to the trial court to fashion and impose an appropriate remedy.

I

Gary Rusing and Laurene Rusing were married between July 20, 1996 and April 21, 2005. Gary[1] had one son from a prior relationship, Christopher Rusing. During Gary and Laurene's marriage, they had three children: Garrett Rusing, born in 1997, Michael Rusing, born in 1998, and Justice Rusing, born in 2002.[2] Garrett had a disability. Pursuant to the decree of dissolution, Gary and Laurene agreed to the entry of an order of child support for the three children. The order provided that:

> Father shall provide a trust naming the three children as irrevocable beneficiaries of no less than 50% of his net estate upon his demise.

Sadly, Michael died on July 21, 2005. Subsequently, the order of child support was adjusted. The adjusted order of child support listed the two children for whom support is required as Garrett M. Rusing and Justice N. Rusing. The trust provision was edited to read:

> Father shall provide a trust naming the children as irrevocable beneficiaries of no less than 50% of his net estate upon his demise.

The issue of whether support for Garrett should continue into his adulthood because of his continued dependency due to his disability was reserved, but was never revisited.

In 2010, five years after their dissolution was finalized, Gary and Laurene had another child together using invitro fertilization, Grace Rusing. The order of

---

[1] Members of the Rusing family are referred to by first name for clarity. No disrespect is intended.

[2] The record indicates several times that Justice was born in December 2002. However, there is one reference to Justice's birth in December 2003. Whether Justice was born in 2002 or 2003 makes no difference to our analysis.

child support was not modified after Grace's birth. Gary provided Laurene with support for Grace informally as needed.

In 2017, Gary executed a last will and testament leaving his entire estate to his oldest son, Christopher. The will also appointed Christopher as executor of the estate.

Gary died on December 28, 2018. At the time of his death, there were no liquid assets in his estate. The net value of the estate was appraised at $753,479.51. Several months after the death of his father, Garrett also unfortunately passed away.

After Gary died, Laurene refused to relinquish a 2016 Mercedes SUV that Gary had purchased for Justice's use upon her 16th birthday, even after the superior court determined that it was an asset of the estate. The estate was required to pursue replevin at its own cost.

Laurene filed a creditor's claim against the estate on behalf of her children with Gary, seeking 50 percent of his net estate in trust for the children. The estate denied the claim. Laurene then filed this lawsuit, seeking specific performance of the trust obligation set forth in the order of child support. Both parties sought summary judgment. The trial court dismissed the complaint by granting the estate's motion for summary judgment, determining that (1) the children were sufficiently supported by survivor benefits, (2) Gary Rusing's obligations under the child support order terminated upon his death, and (3) the intent of the trust provision in the order of support was limited to the purpose of

supporting the children in their minority.  The trial court denied Laurene's summary judgment motion.

Laurene appeals.

II

Laurene contends that the order of child support obligated Gary to place at least 50 percent of his net estate in a trust for the benefit of the designated children.  Because the plain language of the order created such an obligation, we agree.

A

We review the trial court's decision on cross-motions for summary judgment de novo.  Martinez-Cuevas v. DeRuyter Bros. Dairy, Inc., 196 Wn.2d 506, 514, 475 P.3d 164 (2020).  "Thus, we engage in the same inquiry as the trial court."  Green v. Normandy Park Riviera Section Cmty. Club, Inc., 137 Wn. App. 665, 681, 151 P.3d 1038 (2007).  Summary judgment is appropriate when the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  CR 56(c); Hutchins v. 1001 Fourth Ave. Assocs., 116 Wn.2d 217, 220, 802 P.2d 1360 (1991).  All reasonable inferences from the evidence must be construed in favor of the nonmoving party.  Green, 137 Wn. App. at 681 (citing Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 349, 588 P.2d 1346 (1979)).

B

Laurene and the estate each assert that, to show that, Gary was obligated to create a trust for the benefit of the designated children, Laurene had to demonstrate the existence of a contract to devise by proving that (1) Gary agreed to will or bequeath the children certain property, (2) the services contemplated as consideration for the agreement were actually performed, and (3) the services were performed in reliance on the agreement. But this is the standard by which Laurene would be required to prove the existence of an oral contract to devise. See Bale v. Allison, 173 Wn. App. 435, 453, 294 P.3d 789 (2013) (citing Cook v. Cook, 80 Wn.2d 642, 645-46, 497 P.2d 584 (1972)). Here, the obligation at issue does not arise from an alleged oral contract to devise. Rather, it is a written obligation memorialized in an agreed upon court order.

When a parent voluntarily agrees to do more for the parent's children than the law would otherwise require, such an agreement creates a legally enforceable obligation so long as it is clearly and unmistakably spelled out. Riser v. Riser, 7 Wn. App. 647, 650-51, 501 P.2d 1069 (1972); O'Neal v. Morris, 7 Wn. App. 157, 160-61, 498 P.2d 326 (1972). In addition, "[u]nless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child." RCW 26.09.170(3).

Here, the order of child support states:

Father shall provide a trust naming the children as irrevocable beneficiaries of no less than 50% of his net estate upon his demise.

This language makes clear that Gary agreed and was obligated to provide a trust in the amount of 50 percent of his net estate, upon his death, for the benefit of his two minor children with Laurene who were extant at the time of the agreement. The language "upon his demise" makes obvious that Gary's obligation was intended to continue beyond his death. Accordingly, the trial court's conclusion that the obligation terminated upon Gary's death was erroneous.

However, there is nothing in the agreement or the child support order to indicate that Gary's obligation extended to his future children with Laurene, deceased children with Laurene, or children who reached adulthood prior to Gary's death. Given that Grace had not yet been born at the time of the order, Michael died prior to the adjusted order, and Garrett reached adulthood prior to Gary's death,[3] Gary's obligation to provide a trust extended only to Justice.

Accordingly, Gary was obligated to provide a trust in the amount of 50 percent of his net estate for the benefit of his daughter, Justice. It is undisputed that Gary failed to do so.

The estate contends that if the order of child support obligated Gary to provide a trust solely for the benefit of Justice, it should be limited to one third of one half of Gary's net estate. It supports this proposition citing insurance cases, In re Marriage of Sager, 71 Wn. App. 855, 864, 863 P.2d 106 (1993),

---

[3] Laurene contends that the order applies to minor and "incapacitated" children, and that, as Garrett was permanently disabled, he remained entitled to be a beneficiary. We disagree. The child support order reserved the issue of Garrett's need for support past the age of 18 due to his continued dependency, but no further action was ever taken to resolve the matter. Thus, Laurene's contention fails.

and Riser, 7 Wn. App. at 650-51. In each of these cases, a dissolution decree required a father to maintain his minor children as beneficiaries of his life insurance. When each reached the age of majority, that child's share of the proceeds reverted to the father "as owner of the insurance policies." Riser, 7 Wn. App. at 649; see also Sager, 71 Wn. App. at 864.

By contrast, here, the plain language of Gary's obligation makes clear that the amount that Gary was required to place in trust for the benefit of his minor children with Laurene referenced in the order of child support was 50 percent of his net estate, regardless of how many such children existed. This is evidenced by the fact that the child support order, as modified after Michael's death, did not reduce the amount that Gary was required to place in trust for the remaining two children. It remained at 50 percent.

Accordingly, we hold that Gary was obligated to, and failed to, place 50 percent of his net estate in a trust for the benefit of his daughter, Justice.

III

The estate contends that the trial court's denial of specific performance was not an abuse of discretion and was, therefore, not erroneous. However, because the trial court determined that specific performance was not appropriate, it did not exercise its discretion in an attempt to fashion an appropriate remedy. Our Supreme Court has explained:

> [W]e review the *fashioning* of equitable remedies for an abuse of discretion because trial courts have "broad discretionary power to fashion equitable remedies." In re Foreclosure of Liens, 123 Wn.2d 197, 204, 867 P.2d 605 (1994). Thus, the standard of review depends on the question presented, because "[w]hile the fashioning of the remedy may be reviewed for abuse of discretion, the

7

question of whether equitable relief is appropriate is a question of law." Niemann v. Vaughn Cmty. Church, 154 Wn.2d 365, 374, 113 P.3d 463 (2005).

Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 206, 471 P.3d 871 (2020). Questions of law are reviewed de novo. Bill & Melinda Gates Found. v. Pierce, 15 Wn. App. 2d 419, 429, 475 P.3d 1011 (2020).

Accordingly, we review de novo the issue of *whether* equitable relief is appropriate.

"'When a court's legal powers cannot adequately compensate a party's loss with money damages, then a court may use its broad equitable powers to compel a party to specifically perform its promise.'" Pardee v. Jolly, 163 Wn.2d 558, 568, 182 P.3d 967 (2008) (quoting Crafts v. Pitts, 161 Wn.2d 16, 23-24, 162 P.3d 382 (2007)). "When determining whether damages would provide adequate compensation, courts inquire as to (i) the difficulty of proving damages with reasonable certainty, (ii) the difficulty of procuring a suitable substitute, and (iii) the likelihood that an award of damages could not be collected." Crafts, 161 Wn.2d at 24 (citing RESTATEMENT (SECOND) OF CONTRACTS § 360 (1981)). Specific performance should be granted when an agreement is definite enough as to material terms to allow enforcement without the court supplying the material terms. Setterlund v. Firestone, 104 Wn.2d 24, 25-26, 700 P.2d 745 (1985).

Here, Justice is not entitled to half of Gary's net estate. Rather, she is entitled to be the beneficiary of a trust comprised of half of Gary's net estate. Because trustees have broad discretionary power to act on behalf of a trust's

beneficiaries, proving damages with reasonable certainty would be extremely difficult. See RCW 11.98.070.

The estate avers that the terms of the trust provision were not definite enough to order specific performance. However, the child support order makes clear: (1) what value must be placed in the trust (half of Gary's net estate) and (2) the beneficiary of the trust (Justice Rusing). No greater specificity is required to create a trust. See RCW 11.98.011. Although no trustee is appointed, the trial court has broad power to remove and appoint trustees. See In re Marriage of Petrie, 105 Wn. App. 268, 274-75, 19 P.3d 443 (2001).

Finally, the estate asserts that Laurene was not entitled to equitable relief because she came to court with unclean hands by "seeking relief to which she was not entitled." As we have explained, Justice is entitled to relief as a result of this claim. Accordingly, Laurene's action seeking relief on Justice's behalf does not result in unclean hands that preclude relief.[4]

Because equitable relief is appropriate, we remand to the trial court to fashion an appropriate remedy.

---

[4] The trial court's determination that Laurene had unclean hands appears to be primarily related to its dismissal of her insurance claim (an issue we addressed in a separate opinion), which it described as without "merit or even decency." By contrast, the trial court determined that Laurene's claim on behalf of the children was a "meritorious question that required litigation to settle." Furthermore, there is nothing in the record suggesting that any of Laurene's misconduct related directly to the transaction here at issue: Gary's breach of his child support obligation. As our Supreme Court explained long ago:

> The principle [of unclean hands] does not repel all sinners from courts of equity, nor does it disqualify any claimant from obtaining relief there who has not dealt unjustly in the very transaction concerning which he complains. The inequity which will repel him must have an immediate and necessary relation to the equity for which he sues.

J.L. Cooper & Co. v. Anchor Sec. Co., 9 Wn.2d 45, 73, 113 P.2d 845 (1941). Although the trial court determined that Laurene's refusal to return a motor vehicle to the estate was "childish, impertinent, and basically criminal," this behavior was completely unrelated to her claim on behalf of the children with regard to Gary's obligation to create a trust.

IV

Laurene contends that the estate was collaterally estopped from litigating the issue of whether Gary was required to provide a trust for Garrett and Justice. Because this issue had not previously been litigated, we disagree.

Collateral estoppel bars the litigation of an issue when (1) the issue decided in the prior adjudication was identical to the one presented in the action in question, (2) there was a prior final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) the application of the doctrine will not work an injustice on the party against whom the doctrine is to be applied. McDaniels v. Carlson, 108 Wn.2d 299, 303, 738 P.2d 254 (1987). Collateral estoppel precludes only issues that have actually been litigated and determined, it does not bar issues that could have been raised in prior litigation but were not. McDaniels, 108 Wn.2d at 305.

Here, the meaning of the provision in the order of child support that required Gary to provide a trust has never previously been litigated. Accordingly, collateral estoppel does not apply.

V

Finally, both parties request an award of attorney fees on appeal. We decline to grant fees to either.

The Trust and Estate Dispute Resolution Act, chapter 11.96A RCW, provides that awards of attorney fees are available on appeal, but are awardable solely at the discretion of the court. "[A]ny court on an appeal may, in its

discretion, order costs, including reasonable attorneys' fees, to be awarded to any party . . . [f]rom any party to the proceedings." RCW 11.96A.150(1)(a). As Laurene brought this action on behalf of three children, and we hold that only Justice is entitled to relief, neither Laurene nor the estate is entirely the prevailing party.

Laurene also contends that a separate agreement, the "Antenuptial Agreement" between her and Gary, entitles her to an award of attorney fees. As this action arises from the order of child support, the fee provision of the Antenuptial Agreement is inapplicable. And, in any event, neither Laurene nor the estate is a clear prevailing party.

Reversed and remanded.

_____
Dwyer, J.

WE CONCUR:

_____    _____
Brennan, J                          Andrus, A.C.J.