IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

ELODIE YOHANNA ARDES-GUISOT,

Appellant,

and

STEPHANE BLAISE BONFILS,

Respondent.

No. 83074-1-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, A.C.J. — Elodie Yohanna Ardes-Guisot appeals from a dismissal of dissolution proceedings based on the doctrine of forum non conveniens. Because Ardes-Guisot fails to demonstrate that the trial court abused its discretion, we affirm.

FACTS

Elodie Yohanna Ardes-Guisot and Stephane Bonfils began living together as a couple in October 2009, in Paris, France. They married on March 7, 2011, in the state of Nevada. The parties appear to agree that they maintained separate households by May 2016,[1] and that Bonfils petitioned a French court for divorce in April 2018. However, the parties dispute whether those proceedings

---

[1] Ardes-Guisot alleges that she moved from Bonfils' home in Seattle to New York after incidents of domestic violence in late May 2016, while Bonfils counters that Ardes-Guisot never lived with him in Seattle. He asserts that Ardes-Guisot resided in her Paris apartment during the time in question and only visited him in Washington in May 2016 to obtain his signature on her application for a work permit.

have been resolved.[2]  On November 25, 2020, Ardes-Guisot filed a petition for dissolution of the marriage in King County Superior Court.

ANALYSIS

Ardes-Guisot assigns error to the court's dismissal of her petition based on forum non conveniens.[3]  However, she also asserts the court erred in its conclusion that it did not have personal jurisdiction over the parties and the procedure by which it addressed the various questions presented.[4]  As such, we will first clarify the concepts at issue in this case before reaching the merits of the appeal.

I.      Jurisdiction

Jurisdiction refers to "the power of a court to hear and determine a case." In re Marriage of Buecking, 179 Wn.2d 438, 447, 316 P.3d 999 (2013).  Without jurisdiction, the "'court cannot proceed at all in any cause.'"  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (quoting Ex parte McCardle, 74 U.S. 506, 514, 19 L. Ed. 264 (1868)); see also Pastor v. 713 SW 353rd Place, 21 Wn. App. 2d 415, 423, 506 P.3d 658 ("If a

---

[2] Bonfils maintains that the divorce proceedings in France are ongoing while Ardes-Guisot alleges in her opening brief that those proceedings were dismissed in the "French Family Court" on November 5, 2021.

[3] Latin for "an inconvenient forum."

[4] Ardes-Guisot also challenges the court's acceptance of certain evidence, failure to take judicial notice of her assertions regarding domestic violence, and failure to conduct an evidentiary hearing.  She further asserts that much of Bonfils' evidence was forged or otherwise fraudulent. Because the threshold issue of forum non conveniens was dispositive, the court did not err in declining to consider evidence related to the merits of the case.

As to the claims of fraud and forgery, the proper vehicle for such a challenge would have been a motion to vacate the dismissal order on that basis under CR 60.  Under our Civil Rules, the trial court may relieve a party from a final order based on "[f]raud . . . misrepresentation, or other misconduct of an adverse party."  CR 60(b)(4).  Because the record does not demonstrate that Ardes-Guisot pursued this remedy in the trial court, we will not entertain this argument for the first time on appeal.  RAP 2.5(a).

tribunal lacks subject matter jurisdiction, the implication is that it does not have authority to decide the claim at all or order any type of relief."), review denied, 200 Wn.2d 1005 (2022). "'Jurisdiction is the power to declare the law'" and, when it is absent, the only remaining function of the court is to announce that fact and dismiss the case.[5] Id. The party asserting jurisdiction has the burden of establishing its requirements "by prima facie evidence." In re Marriage of Yocum, 73 Wn. App. 699, 703, 870 P.2d 1033 (1994).

Jurisdiction is comprised of two components: jurisdiction over the person and jurisdiction over the subject matter. Buecking, 179 Wn.2d at 447. A court exercises personal jurisdiction in a number of ways, including the following bases: consent, domicil, residence, presence, appearance in an action, and/or doing business in the state. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 27 (1971). RCW 4.28.185, our state's long-arm statute, may subject a nonresident defendant to the jurisdiction of our courts if the provisions of the statute and due process requirements are both satisfied. Yocum, 73 Wn. App. at 702. This is referred to as "long-arm" jurisdiction. Oytan v. David-Oytan, 171 Wn. App. 781, 798, 288 P.3d 57 (2012). To find if these requirements are satisfied, the court focuses on the nature and extent of "the defendant's relationship to the forum

---

[5] Ardes-Guisot additionally argues that her right to due process was violated when the trial court dismissed her case without considering the merits and cites to the unpublished case, In re Dependency of A.K.I., noted at 163 Wn. App. 1017 (2011). In A.K.I., the court ruled that the mother's due process rights were violated when the trial court terminated her parental rights based, in part, on her mental health conditions, despite the fact that she was not notified that her mental health status would be considered as a basis for termination.

Independent from the fact that this is not a dependency case and the rights at issue are vastly different, A.K.I. is not controlling here because Ardes-Guisot has been provided with notice and opportunity to be heard on the issue of jurisdiction. Because she fails to provide argument on this issue under the proper legal framework, we decline to further analyze this challenge. RAP 10.3(a)(5), (6).

[s]tate." Duell v. Alaska Airlines, Inc., __ Wn. App. 2d. __, 530 P.3d 1015, 1019 (2023) (quoting Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., __ U.S. __, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021)).  The long-arm statute requires an analysis of the specific individual's contacts with the forum state, as well as the nature and quality of those interactions.  Oytan, 171 Wn. App. at 802.[6]

As it pertains to dissolution actions specifically, the long-arm statute provides, in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person . . . to the jurisdiction of this state as to any cause of action arising from the doing of any of said acts:
> . . .
> (f) Living in a marital relationship within this state notwithstanding subsequent departure from this state, as to all proceedings authorized by chapter 26.09 RCW, so long as the petitioning party has continued to reside in this state or has continued to be a member of the armed forces in this state.

RCW 4.28.185.

Ardes-Guisot argues that the trial court erred in failing to assume personal jurisdiction over Bonfils through the long-arm statute.  However, she provides no relevant authority for her argument that Washington may exercise personal jurisdiction over an out-of-state spouse simply because the other spouse resides in Washington.[7]  Further, although she is accurate that the long-arm statute is unnecessary if the nonresident party consents to jurisdiction, she does not

---

[6] At issue in Oytan was the phrase "living in a marital relationship within this state," and there, the court found a distinction between residency and the act of living in a marital relationship.  171 Wn. App. at 799.  It reasoned that, because marital arrangements differed and long-distance relationships were common, a fact-specific inquiry is necessary.  Id. at 800-01.  However, the petitioning party must be a resident of the state, whereas the respondent must merely have been previously living here in a marital relationship.  Id. at 800.

[7] Ardes-Guisot also does not provide evidentiary support for her assertion that she resided in Washington at the time of her petition for dissolution in King County.

provide evidence in support of her assertion that Bonfils has so consented and the record shows otherwise as Bonfils moved to dismiss the case for lack of personal jurisdiction, clearly indicating his lack of consent.

Regardless, the trial court dismissed the case on the basis of forum non conveniens and only made a single passing reference to personal jurisdiction in its final order, therefore we do not consider Ardes-Guisot's challenge regarding personal jurisdiction.[8]

## II.    Forum non Conveniens

Under the doctrine of forum non conveniens, which is distinct from the concept of personal jurisdiction, courts have the discretion to decline jurisdiction when the convenience of the parties and the ends of justice would be better served if the action were brought and tried in another forum.  In re Marriage of Owen, 126 Wn. App. 487, 503-04, 108 P.3d 824 (2005).[9]  Because a motion to dismiss for forum non conveniens requires a fact-specific analysis of the case, we review decisions based on this doctrine for an abuse of discretion.  Sandhu

---

[8] The trial court's only reference to personal jurisdiction was a comment in Conclusion of Law 2, which stated that "even if this court in Washington had any jurisdiction in this case (which it concludes it does not) France, not Washington would be the convenient forum."  (Emphasis added.)

[9] Ardes-Guisot references Lansverk v. Studebaker-Packard Corp., 54 Wn.2d 124, 338 P.2d 747 (1959) in support of her argument that forum non conveniens is not part of the law in Washington.  Lansverk was explicitly overruled, in relevant part, by Werner v. Werner, 84 Wn.2d 360, 371, 526 P.2d 370 (1974), which held that forum non conveniens is "an inherent discretionary power of the courts."

Ardes-Guisot also references Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981) to aver that, before a trial court is permitted to exercise forum non conveniens, an adequate alternative forum must be available that may exercise jurisdiction over the defendant.  She alleges that an adequate forum is not available because the French court did not have jurisdiction over her or Bonfils, as they were both residing in the United States.  However, the trial court here determined that Ardes-Guisot consented to the applicable jurisdiction in France as evidenced by her conduct of participating in the proceedings.  The court's finding in this regard is unchallenged, therefore it is a verity on appeal.  See In re Marriage of Petrie, 105 Wn. App. 268, 275, 19 P.3d 443 (2001).

Farm, Inc. v. A&P Fruit Growers, Ltd., 25 Wn. App. 2d 577, 588, 524 P.3d 209, 217 (2023).  "A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds," including those that are unsupported by the record.  Id.  The reviewing court "'may not find abuse of discretion simply because it would have decided the case differently—it must be convinced that no reasonable person would take the view adopted by the trial court.'"  Gilmore v. Jefferson County Pub. Transp. Benefit Area, 190 Wn.2d 483, 494, 415 P.3d 212 (2018) (emphasis and internal quotation marks omitted) (quoting State v. Salgado-Mendoza, 189 Wn.2d 420, 427, 403 P.3d 45 (2017)); see also In re Parenting & Support of C.A.S., 25 Wn. App. 2d 21, 26, 522 P.3d 75 (2022) ("A decision is manifestly unreasonable if it is outside the range of acceptable choices considering the facts and applicable legal standard.").

Here, Ardes-Guisot fails to demonstrate that the trial court abused its discretion.  She does not assign error to any of the trial court's factual findings, which makes them verities on appeal and limits the review of this court to determining whether the trial court's unchallenged findings support its conclusions of law.  In re Marriage of Petrie, 105 Wn. App. 268, 275, 19 P.3d 443 (2001).  The only reasoning that she provides for filing an adjacent dissolution proceeding in King County is that it was the last place where she and Bonfils resided as a couple, an allegation that Bonfils disputes.

The court expressly found that Ardes-Guisot was actively participating in the ongoing dissolution proceedings in France, as evidenced by her request for interim measures in the French court, including seeking spousal support and

attorney fees, as well as an investigation into Bonfils' assets. The trial court found that the dissolution proceeding in France was well developed and that Ardes-Guisot had accepted jurisdiction in France through her conduct. These unchallenged findings support the trial court's conclusions of law. Ardes-Guisot fails to provide any explanation of why a parallel dissolution action should commence in Washington; the trial court did not abuse its discretion. Accordingly, the trial court did not err in declining to reach the merits of Ardes-Guisot's claims.[10]

III.    Attorney Fees

Ardes-Guisot requests attorney fees under RAPs 14.2 and 18.1. RAP 14.2 provides that the appellate court will award costs to the party that "substantially prevails on review." Because Ardes-Guisot does not prevail on appeal, she is not entitled to costs under this rule. Further, RAP 18.1 allows a party "to recover reasonable attorney fees or expenses" if "applicable law grants" them the right to such fees, and they have devoted a section of their brief to this request. RAP 18.1(a) and (b). Ardes-Guisot does not provide reference to any applicable law that would grant her fees on this basis. "Where no authorities are cited in support of a proposition, we are not required to search out authorities, but may assume that [the party], after diligent search, has found none." Helmbreck

---

[10] Ardes-Guisot also raises the doctrine of lis pendens to argue that both parties resided in the United States during the time of the dissolution proceedings in France. However, the "purpose of lis pendens is to give notice of pending litigation affecting the title to real property" such that "anyone who subsequently deals with the affected property will be bound by the outcome of the action to the same extent as if [they] were a party to the action." United Sav. & Loan Bank v. Pallis, 107 Wn. App. 398, 405, 27 P.3d 629 (2001). As the case before us pertains to whether Washington is the proper forum for dissolution proceedings, this argument is unpersuasive.

v. McPhee, 15 Wn. App. 2d 41, 57, 476 P.3d 589 (2020).  Accordingly, she is not entitled to attorney fees and expenses under RAP 18.1.

Finding no error, we affirm.

WE CONCUR: