[No. 5847–1.   Division One.   October 9, 1978.]

SHIRLEY POLSON NELSEN, ET AL, *Respondents,* v. JACQUELINE GRIFFITHS, *Appellant.*

490

■■■■■■■■■■
■■■■■■■■■■
■■■■■■■■■■

*Davis, Wright, Todd, Riese & Jones* and *Douglas W. Purcell,* for appellant.

*Perkins, Coie, Stone, Olsen & Williams, J. Paul Coie,* and *Steven C. Marshall,* for respondents.

RINGOLD, J.—This action arose upon a cross petition under the trustees accounting act of the State of Washington, RCW 30.30.010 *et seq.* The cross petitioners sought an accounting from the trustees after a hearing before the trial court at which testimony was adduced on behalf of the cross petitioners. The trial court held that the cross petitioners were not "beneficiaries" within the purview of the act and therefore were not entitled to request an accounting. We reverse and remand.

Under the terms of the will of Franklin Polson approximately one–third of his residuary estate was placed in a testamentary trust. The trust language provides:

3.1 So long as my wife is living this trust shall be held primarily for her benefit and my trustees shall distribute to her or for her benefit the income of the trust, but only when and to the extent that she requests in writing that such distribution be made. If the income of this trust and the income of property owned by my wife are not sufficient to maintain my wife in her accustomed standard of living, my trustees may distribute part or all of the principal of the trust to or for the benefit of my wife for the purpose of maintaining her in her accustomed standard of living.

3.2 Upon my wife's death, or upon the establishment of this trust if my wife does not survive me, my trustees

shall divide the then remaining principal and accumulated income, if any, of this trust into two equal parts, one such part denominated trust A for the benefit of my daughter, Jacqueline, and her descendants, if any, and one such part denominated trust B for the benefit of my daughter, Shirley, and her descendants . . .

Priscilla, the wife, is to receive income when requested. Principal of the trust is to be paid to the wife only when required to maintain her accustomed standard of living.

At the time of controversy both daughters, Jacqueline and Shirley, had children and a guardian ad litem has appeared on behalf of Jacqueline's children. The will designates Jacqueline as a trustee. The two other trustees, Shirley and her husband Thomas Nelsen, have combined authority equal to Jacqueline's.

Franklin Polson died in 1968 leaving his wife, the two daughters, and grandchildren. A family dispute arose in which Mrs. Polson and Shirley are on one side and Jacqueline on the other. Jacqueline resigned as one of the trustees.[1]

Shirley and Thomas Nelsen petitioned the King County Superior Court for the appointment of one of their daughters as the third trustee. Jacqueline then cross–petitioned, requesting an accounting to determine the propriety of the administration of the trust pursuant to RCW 30.30.040:

Upon the petition of any settlor or of any beneficiary of such a trust after due notice thereof to the trustee the superior court in the county where the trustee or one of the trustees resides may direct the trustee or trustees thereof to file in said court such an account at any time subsequent to one year from the day on which such a report was last filed, or if none, then after one year from the inception of the trust.

■ Shirley and her husband raise the threshold question that the Washington court does not have jurisdiction

---

[1]Mrs. Polson has prepared a will whose validity she has sought to have established by means of a declaratory judgment action disinheriting Jacqueline and her issue and leaving the bulk of her estate to Shirley.

to order an accounting pursuant to RCW 30.30.040 because they are residents of another state.

We view this provision as nothing more than establishing a venue requirement. Sections 26 and 58 of Restatement (Second) of Conflicts (1969) lays down the fundamental rule.

Section 58, comment *a* provides:

> t would be intolerable if a state could be prevented from affecting interest in a thing over which it has obtained jurisdiction by the simple expedient of removing the thing from the territory of the state. On the other hand, it would be unfair to hold that the thing, once it has been subjected to the judicial jurisdiction of a state, remains subject to that jurisdiction in perpetuity and for all purposes. Regard for these two interests has led to the establishment of the rule that a state's judicial jurisdiction over a thing, once established, continues throughout all proceedings which arise out of the original cause of action . . .

Moreover, Shirley and her husband having petitioned the King County Superior Court to appoint a successor trustee to Jacqueline have waived any objection to venue.

The argument by Shirley and her husband is two–pronged. First they contend that Jacqueline cannot be a beneficiary of any trust because she is not an income beneficiary and all the income at the present time from the trust is allocated to and for the benefit of Mrs. Polson if necessary. Secondly, they also seem to contend that it is not until after the death of Mrs. Polson, when the balance of the trust pursuant to section 3.2 will be divided into portions A and B, that Jacqueline may be considered a cestui of any trust. We reject these contentions.

By virtue of the pertinent language of the will, paragraph 3.2 quoted above, Jacqueline Griffiths became a beneficiary of the Polson trust immediately upon the death of Franklin Polson. Whether Jacqueline is an income beneficiary at the present time or not makes little difference. The obligations of the trustees are to maintain the trust property for the benefit of Mrs. Polson, Jacqueline and Shirley.

Despite designation of "Trust A" and "Trust B" no new trust would be created upon the death of Mrs. Polson.

Relying primarily upon the case of *Baum v. Continental Ill. Nat'l Bank & Trust Co.*, 230 F.2d 377 (7th Cir. 1956), Shirley and her husband argue that Jacqueline is a contingent remainderman and as such is not entitled to petition for an accounting, absent a showing of waste or mismanagement. They reason that Jacqueline is a contingent remainderman because in order to gain a present estate in the trust, she must survive Mrs. Polson. Survival is thus a condition precedent to the realization of Jacqueline's and her children's rights and therefore she is a contingent beneficiary.

It is not necessary to determine whether Jacqueline is a vested remainderman or is a contingent remainderman. The fact remains that Jacqueline and her children have a present interest in the remainder of the trust, *one–half of what may be left after Mrs. Polson's death.* Any uncertainty relates only to the amount they may receive, not to their right to receive it. Such right warrants the characterization of Jacqueline and her descendants as beneficiaries of the trust. Restatement (Second) of Trusts § 127, comment *c* (1959).

The scheme of the trustees accounting act is clear. RCW 30.30.020 provides:

> The trustee or trustees appointed by any will, deed or agreement heretofore or hereafter executed shall mail or deliver at least annually to each adult income trust beneficiary a written itemized statement of all current receipts and disbursements made by the trustee of the funds of the trust both principal and income, and upon the request of any such beneficiary shall furnish him an itemized statement of all property then held by such trustee, and may also file any such statement in the superior court of the county in which the trustee or one of the trustees resides.

The trustee or trustees must provide an accounting at least annually to "*each adult income beneficiary.*" There is no room for the exercise of a court's discretion.

RCW 30.30.030 describes the contents and nature of intermediate and final accounts by the trustee and requires the account to contain:

(6) The names and addresses of all living beneficiaries, including contingent beneficiaries, of the trust, and a statement as to any such beneficiary known to be under legal disability;

Then RCW 30.30.040 recognizes the distinction between an income beneficiary and others who may be cestuis and provides the avenue by which any beneficiary of the trust may request an accounting.

RCW 30.30.040 provides for an accounting "[u]pon the petition of any . . . beneficiary . . ." Such an accounting under RCW 30.30.040 is not one of right, but the petition is directed to the court in the exercise of its discretion. RCW 30.30.030(6) includes the contingent beneficiaries within the general rubric of beneficiaries. The Washington trustees accounting act authorizes Jacqueline to apply for the accounting which she seeks in this action. The guiding policy of the act is well stated by our court in *State v. Taylor*, 58 Wn.2d 252, 258, 362 P.2d 247, 86 A.L.R.2d 1365 (1961):

The converse of the duty of the trustee to render an accounting and to furnish information is the right of the beneficiary or his representative to demand such an accounting or information. The philosophy behind the rule that a trustee must account and furnish information to the beneficiary is stated by Professor Bogert as follows:

". . . The cestui is the beneficial owner of the trust property, in whole or in part. The trustee is a mere representative, whose function is to attend to the safety of the trust property and procure its avails for the cestui in the manner provided by the trust instrument. That the settlor has created a trust and thus required that the cestui enjoy his property interest indirectly does not imply that the cestui is to be kept in ignorance of the nature of the property and the details of its management. If the cestui is to be able to hold the trustee to proper standards of care and honesty and procure for himself

the benefits to which the trust instrument and the doctrines of equity entitle him, *he must know of what the trust property consists and how it is being managed.*

"From these considerations it follows that *the cestui is entitled to demand of the trustee all information about the trust and its execution for which he has any reasonable use.* If the beneficiary asks for material information about the terms of the trust, its present status, past acts of management, the intent of the trustee as to future operation, or other incidents of the operation of the trust, and these requests are made at a reasonable time and place, and not merely vexatiously, it is the duty of the trustee to give the cestui the facts for which he has asked. Furthermore, the trustee must permit the cestui to examine the account books of the trust, trust documents and papers, and trust property, when a demand is made at a reasonable time and place, and such inspection would be of benefit to the cestui. . . ."

Shirley and Thomas Nelsen contend that the petition for an accounting is improper because Mrs. Polson is a necessary party and has not been joined in the petition for the accounting. The basis for this argument is that when they present their accounting, trustees ought to be able to rely on a court order approving that accounting as to all beneficiaries. The Washington trustees accounting act makes full provision for such eventuality. RCW 30.30.040 provides that any beneficiary may upon proper notification to the trustee, and only to the trustee, obtain an order from the court requiring the trustees to account. Such an order was sought here. Once that order has been obtained the remaining provisions of the trustees accounting act, RCW 30.30.050–.090, must be followed. Under those provisions, the trustees are required to file their accounting pursuant to the order and at the time of filing all beneficiaries must receive notice and are provided with an opportunity to respond or object to the accounting as filed. There is ample due process protection provided for beneficiaries. Notice must be given to them before they can be held bound by a court order approving the accounting.

We hold that it is not essential for a beneficiary under a trust such as Mrs. Griffiths' to allege waste and mismanagement prior to seeking an accounting from the trustees. Under our statute such a beneficiary is entitled to have the trial court determine in the exercise of its discretion whether or not such an accounting will be authorized and required. RCW 30.30.040.

The trial court, in denying the petition for the accounting here did not purport to exercise its discretion. The court made the following order: (a) that the cross petitioner is one of several contingent remaindermen of the Franklin Arnold Polson trust; (b) that the only beneficiary of the Franklin Arnold Polson trust is Priscilla Anderson Polson; (c) that the cross petitioner is not entitled to an accounting under the Washington statutes or the common law, and (d) that the appellant is not entitled to an award of attorneys fees.

Reversed and remanded for further proceedings in accordance with this opinion.

FARRIS, C.J., and JAMES, J., concur.