# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

| | |
|---|---|
| In the Matter of the Estate of BOJILINA H. BOATMAN. | No. 80933-4-I (consolidated with Nos. 81000-6-I, 81200-9-I, 81201-7-I, and 81202-5-I) |
| THE ESTATE OF BOJILINA H. BOATMAN, | |
| Appellant/Cross Respondent, | ORDER GRANTING MOTION FOR RECONSIDERATION AND WITHDRAWING AND SUBSTITUTING OPINION |
| v. | |
| BRIAN BOATMAN, Individually and as Trustee of the Brian Boatman Revocable Living Trust, | |
| Respondent/Cross Appellant, | |
| BEVERLY YOUNG, | |
| Appellant. | |

The appellant, Beverly Young, has filed a motion for reconsideration of the opinion filed on April 12, 2021. The motion sought clarification of the scope of the attorney fee award. The panel determined a response to the motion was not necessary. The court has determined that the motion should be granted, and that the opinion should be withdrawn and a substitute opinion filed; now, therefore, it is hereby

ORDERED that the motion for reconsideration is granted; it is further

ORDERED that the opinion filed on April 12, 2021 is withdrawn; and it is further

ORDERED that a substitute unpublished opinion shall be filed.

_Appelwick, J._

_Dwyer, J._

FILED
5/10/2021
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Estate of
BOJILINA H. BOATMAN.

THE ESTATE OF BOJILINA H.
BOATMAN,

       Appellant/Cross Respondent,

       v.

BRIAN BOATMAN, Individually and as
Trustee of the Brian Boatman Revocable
Living Trust,

       Respondent/Cross Appellant,

BEVERLY YOUNG,

       Appellant.

No. 80933-4-I
(consolidated with
Nos. 81000-6-I, 81200-9-I,
81201-7-I, and 81202-5-I)

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — This consolidated appeal arises from attorney fees and costs awarded in favor of Brian Boatman in a Trust and Estate Dispute Resolution Act[1] (TEDRA) action against the Estate and against Young, its personal representative. Young asserts the trial court erred in awarding costs and attorney fees in favor of Brian Boatman and against Young. She asserts the trial court erred in denying her motion to vacate the order as void. The Estate asserts the trial court erred in the amount of costs and attorney fees awarded in favor of Brian Boatman and argues no award should have been entered against either the Estate or

---

[1] Chapter 96A RCW.

Citations and pin cites are based on the Westlaw online version of the cited material.

Young.  Brian asserts the trial court erred in declining to find the other Boatman siblings were parties and find them jointly and severally liable with the Estate and Young for the awarded costs and attorney fees.  Both Brian and Young request attorney fees and costs on appeal.  The award against Young was error.  The award of costs against the Estate was error in part.  The trial court did not err in denying costs and fees in favor of Brian for Phase I, against other siblings in Phase II, or in exercising its discretion in the amount of fees awarded.  We affirm in part, vacate in part, and remand.

## FACTS

In 2007, Bojilina Boatman began living in her son Brian Boatman's[2] home full-time.  Brian was responsible for her care until her death in 2013.  Bojilina's five other children (Boatman siblings) then filed an initial TEDRA petition against Brian seeking recovery for assets transferred from Bojilina to Brian while he was serving as her attorney-in-fact (Phase I).  Brian filed a response and counterclaim as an individual and as attorney-in-fact of the estate of Bojilina Boatman (Estate) asking for attorney fees.  He moved to dismiss the petition on the grounds that the Boatman siblings were not parties and had no standing to bring the action.

In 2014, the trial court dismissed the Phase I petition for lack of standing. The Boatman siblings appealed.  Brian moved for an award of attorney fees, on which the court deferred ruling, pending resolution of the appeal.

---

[2] For clarity, Brian Boatman and Bojilina Boatman will be referred to by their first names.

In 2016, this court affirmed the trial court's dismissal of the Boatman siblings' claims based on lack of standing. Young v. Boatman, No. 72643-9-I, slip. op. at 1 (Wash. Ct. App. Feb. 8, 2016) (unpublished), https://www.courts.wa. gov/opinions/pdf/726439.pdf. We explained that RCW 11.96A.030(5)'s definition of "party" includes estate beneficiaries, and under RCW 11.96A.080 any party may have a judicial proceeding related to such matters. Id. at 9-10. However, TEDRA expressly states that it doesn't supersede other provisions of Title 11 RCW. Id. at 10. And, under RCW 11.48.010, only the personal representative has the authority to maintain and prosecute actions on behalf of the Estate. Id. at 10-11. Still, we held that Brian had a conflict of interest as personal representative with respect to the Estate's pursuit of claims against him. Id. at 13-14. We ordered the trial court to appoint an interim personal representative on remand "to determine whether to pursue an action on behalf of the Estate against Brian as the attorney-in-fact for Bojilina." Id. at 14.

Following remand, the court-appointed interim personal representative issued a report concluding that a claim was warranted on behalf of the Estate against Brian as attorney-in-fact. Brian ultimately resigned as personal representative. Beverly Young, one of the Boatman siblings, was appointed by the court as personal representative of the Estate.

The Estate, with Young acting as personal representative, then filed and served a TEDRA petition against Brian (Phase II). The only parties to the Phase II petition were the Estate as the petitioner and Brian (individually and as trustee for the Brian Boatman Revocable Living Trust) as the respondent. The petition

asked for an award of attorney fees and costs pursuant to RCW 11.96A.150. Brian answered and counterclaimed for attorney fees and costs pursuant to RCW 11.96A.150 and RCW 11.94.120.

On November 6, 2019, following a bench trial, the court entered findings of fact and conclusions of law finding in favor of Brian and denying all of the Estate's claims. It found,

> Since Brian Boatman is the prevailing party, the Court HEREBY ORDERS that the Personal Representative pay Brian Boatman's attorney's fees and costs, in accordance with RCW 4.84.030. Brian Boatman's attorney shall submit a cost bill for the Court's analysis and the Court will issue an order against the Personal Representative for such fees and costs as it deems reasonable.

The Estate moved for reconsideration, arguing awards under RCW 4.84.030 are limited to allowable costs and could be imposed only against the Estate. The trial court denied the motion for reconsideration but reserved on the issue of attorney fees.

Brian then moved for entry of judgment on attorney fees and costs incurred in both TEDRA petitions. He requested fees and costs in Phase I. He also requested fees and costs in the Phase II against the Boatman siblings, or in the alternative, against Young in both her individual capacity and in her capacity as personal representative of the Estate.

On December 20, 2019, the trial court entered an order on entry of judgments for attorney fees and costs. The order concerned an award of attorney fees and costs pursuant to RCW 11.96A.150 and RCW 4.84.030. The court declined to award attorney fees related to the Phase I petition, as that was a matter

4

of first impression. It also declined to find that the Boatman siblings were parties against whom attorney fees and costs could be awarded. However, the trial court awarded $12,835.97 in costs and $111,574.00 in attorney fees to Brian against Young "individually and as Personal Representative of the Estate of Bojilina Boatman, jointly and severally."

On January 3, 2020, the Estate filed a notice of appeal on the findings of fact and conclusions of law and order after trial, the order denying the Estate's motion for reconsideration, and the order on entry of judgments for attorney fees and costs.

On January 6, 2020, The Estate filed a motion to vacate the December 20 order as to Young in her individual capacity. She argued the fee order was void because she was not a party to the Phase II petition and therefore the trial court lacked the authority and jurisdiction to impose fees or costs against her. On January 21, 2020, the court denied her motion. Judge Robert E. Olsen held that as the successor judge he was barred from granting the requested relief because then-Judge Raquel Montoya-Lewis had presided over the trial. That same day, Young filed a notice of appeal on the December 20, 2020 fees order.

On January 22, 2020, Judge Pro Tem Montoya-Lewis[3] entered a "Findings/Conclusions and Order re Award of Attorneys' Fees and Cost[s]" and a "Judgment on Attorneys' Fees."[4] The order reiterated that attorney fees would not

---

[3] Justice Montoya-Lewis was sworn as an associate justice of the Washington State Supreme Court on January 6, 2020.

[4] These orders were not properly submitted for signature, as RAP 7.2 limits the authority of the trial court to act in a case after review is accepted by the appellate court.

be awarded in relation to Phase I nor against the Boatman siblings who were not parties in the case. The court awarded attorney fees and costs in the amount of $111,574.00 under RCW.96A.150 and $13,035.97[5] in costs under RCW 4.84.010 and .080 against Young in her capacity as personal representative, but not as an individual.

This court consolidated the appeals, designating Young in her individual capacity as appellant, the Estate as appellant/cross-respondent, and Brian individually and as Trustee of the Brian Boatman Revocable Living Trust as respondent/cross appellant.

DISCUSSION

The Estate first argues the trial court erred in awarding attorney fees under RCW 11.96A.150 against the Estate and Young. Next, the Estate argues the trial court erred in awarding excessive costs under chapter 4.84 RCW.

Young also asserts the trial court erred in awarding attorney fees and costs in favor of Brian and against Young as an individual who was not a party to the suit. Therefore, she also asserts the court erred in denying her motion to vacate.

Brian counters that he is entitled to his reasonable attorney fees and costs. And, he asserts the trial court erred in declining to find that the other Boatman siblings in this matter were parties subject to an order requiring payment of reasonable attorney fees and costs incurred in both TEDRA matters.

---

[5] This is a $200.00 increase in the cost award from the December 20 order. The record does not indicate the reason for the increase.

6

The general rule in Washington, commonly referred to as the "American rule," is that each party in a civil action will pay its own attorney fees and costs. Berryman v. Metcalf, 177 Wn. App. 644, 656, 312 P.3d 745 (2013). But, trial courts may award attorney fees when authorized by contract, statute, or a recognized ground in equity. Id.

Whether a party is entitled to attorney fees is an issue of law that we review de novo. Little v. King, 147 Wn. App. 883, 890, 198 P.3d 525 (2008). Whether the fee award is reasonable is a matter of discretion for the trial court, which we will alter only if we find an abuse of discretion. Bloor v. Fritz, 143 Wn. App. 718, 747, 180 P.3d 805 (2008). Discretion is abused when the trial court exercises it on untenable grounds or for untenable reasons. Berryman, 177 Wn. App. at 657. The burden of demonstrating that a fee is reasonable is on the fee applicant. Id.

I. Fees and Costs Awarded in Phase II Against Young

Young asserts the trial court erred in awarding attorney fees and costs against Young as an individual. She asserts that she is not a party under TEDRA and therefore the court had no authority or jurisdiction to order fees and costs against her in this matter.

The fees order awarded attorney fees under RCW 11.96A.150 and costs under RCW 4.84.030 against Young "individually and as a Personal Representative of the Estate . . ., jointly and severally."

As with trustees of a trust, personal representatives of an estate owe a fiduciary duty to the heirs of the estate and must conform to the laws governing trustees. In re Estate of Ehlers, 80 Wn. App. 751, 761-62, 911 P.2d 1017 (1996).

7

A personal representative stands in a fiduciary relationship to those beneficially interested in the estate. In re Estate of Larson, 103 Wn.2d 517, 521, 694 P.2d 1051 (1985). The personal representative must exercise the utmost good faith and diligence in administering the estate in the best interests of the heirs. Id.

It is well established under Washington Law that ordinarily, trusts must bear the general costs of administration of the trust—including the expenses of necessary litigation. Allard v. Pac. Nat'l Bank, 99 Wn.2d 394, 408, 663 P.2d 104 (1983). But, where litigation is necessitated by the inexcusable conduct of the fiduciary, the fiduciary individually must pay those expenses. Id. In Jones, our Supreme Court held that the personal representative should personally pay attorney fees because the litigation was necessitated by his multiple breaches of fiduciary duty to the remaining beneficiaries. In re Estate of Jones, 152 Wn.2d 1, 6, 21, 93 P.3d 147 (2004). The court cited to Allard in finding that the personal representative should personally the pay attorney fees. Id. at 21. It noted, "Allard is a trust case, but still is applicable here since a personal representative has fiduciary duties similar to those of a trustee, as he is acting in a trust capacity." Id. at n.16.

The statutory liability of a fiduciary for costs is similarly limited. RCW 4.84.150 provides,

> In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, costs shall be recovered as in an action by or against a person prosecuting in his or her own right, but such costs shall be chargeable only upon or collected of the estate of the party represented, unless the court shall direct the same to be paid by the

8

plaintiff or defendant personally, for mismanagement or bad faith in such action or defense.

Here, Young served as personal representative to the Estate in the same fiduciary relationship as a trustee has to a trust. The court made no finding of fact of a breach of fiduciary duties or inexcusable conduct on the part of Young as personal representative to the Estate. Young sought appointment with agreement from the Boatman siblings and with eventual agreement from Brian. She filed the Phase II petition because the court-appointed interim personal representative, found that the "pursuit of an action on behalf of the Estate against Brian Boatman" was warranted.

Further, although RCW 11.96A.030(5)(c) defines "party" to include "personal representatives," RCW 11.96A.150(1) concerning attorney fees provides,

> Either the superior court or the court on appeal <u>may, in its discretion</u>, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) <u>From any party to the proceedings</u>.

(Emphasis added.) As with the Phase I petition, it must be acknowledged that "party" has different meanings in different sections of the statutory scheme. Even if the statute could be read so broadly, in Phase II, Young was not acting in the capacity of a party but in her appointed fiduciary capacity. Conforming to general principles of Washington trust and estate law, Young should not have been ordered to personally pay attorney fees in relation to Estate litigation.

The trial court erred in awarding $12,835.97 in costs and $111,574.00 in attorney fees in favor of Brian against Young in her individual capacity. We vacate the December 20, 2019 order as void as to Young individually and remand.[6]

## II. Fees and Costs in Phase II Against the Estate

The Estate argues the trial court erred in awarding attorney fees and costs under RCW 11.96A.150 against it. Further, it argues the court erred by awarding excessive costs.

### A. Attorney Fees

The order awarded attorney fees under RCW 11.96A.150. RCW 11.96A.150(1) grants broad discretion to the court in the award of attorney fees and costs. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate. Id. RCW 11.96A.150(1)(b) authorizes the court to award fees "from the assets of the estate or trust involved in the proceedings." We will not interfere with the trial court's decision to allow attorney fees in a probate matter, absent a manifest abuse of discretion. In re Estate of Black, 116 Wn. App. 476, 489, 66 P.3d 670 (2003), aff'd, 153 Wn.2d 152, 102 P.3d 796 (2004).

The Estate argues that because the court-appointed interim representative recommended that the Estate pursue claims against Brian, attorney fees should not have been awarded against it for doing so. But, the issue is not whether the

---

[6] Young asserts the fees order is void for lack of authority and jurisdiction. Young also asserts the trial court erred in denying her motion to vacate pursuant to the successor judge doctrine. Because we vacate the award on other grounds, we need not consider these arguments.

Estate had a good faith basis to have pursued its claim. Having a good faith basis to bring a claim does not eliminate the trial court's discretion to award fees when the Estate fails to prevail on the claim.

The Estate further argues the novel matter doctrine also supports reversing an award of attorney fees in this case. It argues issues related to the first petition as well as the nature of Young's appointment were novel.

Here, In re the Estate of Berry, 189 Wn. App. 368, 379, 358 P.3d 426 (2015), is instructive. "Whether a case involves novel or unique questions is a factor that a court may deem relevant in its consideration of a request for attorney fees under RCW 11.96A.150, and in Stover, we did deem it relevant." Id. (citing In re Estate of Stover, 178 Wn. App. 550, 564, 315 P.3d 579 (2013)). "But we did not hold that it is always dispositive or even always relevant." Id. As such, the novel matter doctrine is not an absolute bar to fees in novel cases. It is a factor that the court may consider. The novel legal issue in Phase I and the potential novelty of Young's appointment were both key parts of this case's procedural history. We may safely assume the trial court considered novelty as a factor.

The Estate has not demonstrated that the trial court abused its discretion. We affirm the award of attorney fees against the Estate.

B. Costs

The Estate also argues the trial court erred by awarding excessive costs under RCW 4.84.030. Brian asserted a claim for expenses of $12,835.97.

RCW 4.84.030 provides, "In any action in the superior court of Washington the prevailing party shall be entitled to his or her costs and disbursements." We

review an award of costs for abuse of discretion. Payne v. Paugh, 190 Wn. App. 383, 413, 360 P.3d 39 (2015).

Brian did not reply to these assertions, because he asserts these costs were awarded under RCW 11.96A.150. Brian's answer to the petition sought an award of fees under RCW 11.96A.150 and RCW 11.94.120. But, that is not what the court ordered. The court wrote in the December 20 fees order, "For clarification, the Court found that Brian Boatman is entitled to attorney fees pursuant to RCW 11.96A.150, and costs in accordance with RCW 4.84.030." This order was proposed by counsel for Brian and adopted with few edits. It is clear the trial court did not award costs under RCW 11.96A.150.

RCW 4.84.010 limits costs which may be recovered to a narrow range of expenses, including filing fees, statutory attorney fees and witness fees, and expenses associated with certain depositions. The Estate argues that Brian submitted nothing to support the award of any of these expenses as taxable costs under RCW 4.84.010, and that almost none of the listed items qualify as awardable expenses.

Under RCW 4.84.010(7), a prevailing party is entitled to the costs of taking depositions if the depositions were taken and used at trial as substantive evidence or for impeachment purpose. Payne, 190 Wn. App. at 413. Of the 10 depositions Brian listed, only Blake Boatman, Brent Boatman, and Young's depositions were taken by counsel for Brian. Of those, two pages of Brent Boatman's deposition

12

were used for impeachment purposes during his cross-examination.[7] Accordingly, the proper application of the pro rata share requirement set forth in RCW 4.84.010(7) to the $782.05 total transcription cost would justify a maximum cost award of $13.96 (2/112 x 782.05 = $13.96). The trial court erred in awarding costs under RCW 4.84.030 for depositions not considered by the court.

Next, the Estate argues that there are no grounds authorizing the award for expert witness fees as costs, such as those listed for John Fountaine. It relies on Estep v. Hamilton, which noted that "our Supreme Court has recognized there are no grounds for awarding expert witness fees as costs." 148 Wn. App. 246, 263, 201 P.3d 331 (2008). Accordingly, the trial court erred in awarding costs under RCW 4.84.030 for expert witness fees.

The Estate further argues the trial court erroneously ordered filing fees in Phase II. Brian had already asserted a counterclaim in Phase I and was not required to pay a second counterclaim filing fee. Further, as the trial court ultimately granted the Estate's motion to strike Brian's jury demand, the Estate argues he also was not entitled to an award of costs for his jury demand filing fee. The Estate similarly notes Brian's duplicative $200.00 statutory attorney fees arising out of both Phase I and Phase II as being improperly awarded. We agree. It was error to award these fees as costs under RCW 4.84.030.

Additionally, the Estate argues RCW 4.84.010 does not authorize a cost award for miscellaneous court reporter fees. So, it asserts "Brian's claims for such

---

[7] Blake Boatman's deposition was published and unsealed in an attempt to impeach DeLisa Boatman, but this use was objected to by the Estate and the judge agreed it was not appropriate.

fees totaling $10.00, with respect to Phase I, and $640.00, in connection with Phase II, should have been denied." Brian does not identify authorization by law for the award of costs of court reporter fees in his affidavit of costs or memorandum in support of entry of judgments on attorney fees and costs. Absent such authority, these costs were awarded in error under RCW 4.84.030.

In total, with respect to the December 20 order, the Estate alleges the trial court erred in awarding $450.00 in Phase I costs and $12,835.97 in Phase II costs. It argues costs totaling $453.96 should have been awarded ($240.00 for one counterclaim filing fee plus $13.96 pro rata share of Brent's deposition plus $200.00 for one statutory attorney fee). We agree.

We direct the trial court to amend the judgment accordingly on remand.

III. <u>Denial of Brian's Requests for Certain Attorney Fees and Costs</u>

A. <u>Against the Boatman Siblings as Parties to the Proceeding</u>

Brian asserts that while he argued the Boatman siblings were not the appropriate petitioner in either phase, in Phase II the Boatman siblings were all parties under the statutory scheme. He points to RCW 11.96A.030(5), which provides in part,

> (5) "Party" or "parties" means each of the following persons who has an interest in the subject of the particular proceeding and whose name and address are known to, or are reasonably ascertainable by, the petitioner:
>
> . . . .
>
> (c) The personal representative;
>
> (d) An heir;

14

(e) A beneficiary, including devisees, legatees, and trust beneficiaries;

. . . .

(i) Any other person who has an interest in the subject of the particular proceeding.

The Boatman siblings were the petitioners in Phase I petition and pleaded as persons interested in the matter in Phase II. So, Brian asserts that "[i]t cannot be seriously argued" they were not unambiguously parties under 11.96A.030. But, again, that term has different meaning throughout the statutory scheme. RCW 11.96A.030 states, "The definitions in this section apply throughout this chapter unless the context clearly requires otherwise."

In Phase I, this court noted the definition of a "party" under RCW 11.96A.030 includes beneficiaries. Boatman, No. 72643-9-I, slip. op. at 9. However, under the plain and unambiguous language of Title 11 RCW, only the personal representative has the authority to bring claims on behalf of the Estate against Brian under RCW 11.48.010. Id. at 12. RCW 11.96A.080(2) expressly states that the provisions of TEDRA do not supersede but instead supplement the other provisions of Title 11 RCW. So, while all heirs are potentially "parties" under one section of TEDRA, the definition of "party" was limited by context elsewhere in the statutory scheme.

The Boatman siblings were not parties to the Phase II petition to which the fees order pertained. Their interests as beneficiaries were represented by the Estate through the personal representative. None of them appeared in an individual capacity and none asserted any claim or interest different from the

15

Estate.  And, even if we were to conclude that the siblings were parties to the proceeding, the court had the discretion to award or not award fees from any party to any other party.

We affirm the trial court's denial of an award of attorney fees to Brian payable by the other Boatman siblings in either TEDRA phase on the basis that they were parties to the matter.[8]

B.  Attorney Fees for Phase I

Brian argues that the trial court erred in determining that fees were not appropriate in Phase I based on the novelty of the standing issue litigated because standing is not a relevant concern.  The case law he relies on does not involve TEDRA actions.  See Chuong Van Pham v. City of Seattle, 159 Wn.2d 527,543,151 P.3d 976 (2007); Boeing Co. v. Sierracin Corp., 108 Wn. 2d 38, 65, 738 P.2d 665 (1987).

RCW 11.96A.150(1) allows the court to consider any relevant factor in awarding fees, including whether a case presents novel or unique issues.  In re Guardianship of Lamb, 173 Wn.2d 173, 198, 265 P.3d 876 (2011); see also Berry, 189 Wn. App. at 379 (holding a court may deem novelty a relevant factor in its consideration of request for fees under TEDRA); Stover, 178 Wn. App. at 564

---

[8] Brian also asserts if he had been personal representative, he would have written to the Boatman siblings demanding they return money distributed by him prior to Phase I.  He further argues in failing to do so, Young has breached her duty to Brian and should be removed as personal representative to the Estate.  That is not an issue before this court.  We decline to remove Young as personal representative to the Estate.

(declining to award fees because the TEDRA case presented a novel issue of statutory construction).

Here, the Phase I litigation was pursuant to RCW 11.96A.150 and involved a novel issue of statutory construction. We find that the trial court did not err in declining to award Brian attorney fees in Phase I.

C. Amount of Attorney Fee Awarded

Brian further argues the trial court abused its discretion by reducing his fees from $223,000.00 to $111,574.00. But, the larger number includes the fees he requested for Phase I. In reference to attorney fees incurred during Phase II, Brian argues that the trial court reduced his award by over $50,000.00.

Brian relies on Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), for the assertion that a plaintiff should recover a fully compensatory fee where the plaintiff has obtained excellent results. But, no Washington case has declared it an abuse of discretion merely to award attorney fees under RCW 11.96A.150 that were not all of the requested attorney fees. "Because of the 'almost limitless sets of factual circumstances that might arise in a probate proceeding,' the legislature 'wisely' left the matter of fees to the trial court, directing only that the award be made 'as justice may require.'" Black, 116 Wn. App. at 489 (internal quotation marks omitted) (quoting In re Estate of Burmeister, 70 Wn. App. 532, 539, 854 P.2d 653 (1993), rev'd on other grounds, 124 Wn.2d 282, 877 P.2d 195 (1994)).

We find that the court did not abuse its discretion by declining to award to Brian all of the attorney fees he requested under RCW 11.96A.150.

17

IV.   Attorney Fees and Costs on Appeal

Both Brian and Young request reasonable attorney fees and costs on appeal under RCW 11.96A.150.  RCW 11.96A.150 grants extensive discretion to courts to award attorney fees in "all proceedings governed by this title."

Young was acting under her fiduciary duty as the Estate's personal representative.  The trial court made no findings that she breached her fiduciary duty or mismanaged the Estate.  We find that she is entitled pursuant to RAP 18.1(a) to reasonable attorney fees and costs incurred attempting to vacate and in appealing the award of attorney fees and costs against her as an individual.  We find that Brian is not entitled to attorney fees on appeal against any party.

We affirm in part, vacate in part, and remand.

_Appelwick, J._

WE CONCUR:

_____        _Dwyer, J._

18