# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN RE THE MATTER OF:<br>THE BERNICE K. PRICE-CAMERON<br>TRUST<br><br>MARCUS E. PRICE, Beneficiary of the<br>Bernice K. Price-Cameron Trust,<br><br>               Appellant,<br><br>        v.<br><br>ANTOINETTE S. PRICE, Co-Trustee<br>of the Bernice K. Price-Cameron Trust<br>and in her representative capacity as<br>Attorney-in-Fact for Bernice K. Price-<br>Cameron,<br><br>               Respondent. | No. 84674-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Marcus Price, a beneficiary of the Bernice K. Price-Cameron Trust (Trust), appeals a trial court's order denying his petition under the Trust and Estate Dispute Resolution Act (TEDRA) to remove Antoinette Price as Trustee and to order the Trust to perform an accounting. Finding no reversible error, we affirm.

FACTS AND PROCEDURAL BACKGROUND

Marcus is a beneficiary of the Trust.[1] Antoinette has been Trustee since Marcus' removal as co-trustee in 2018 after a trial court concluded that he "breached his fiduciary duties as Co-Trustee by failing to account for income and assets under his control in the amount of $174,727.29 as established by documentary evidence." In addition to being removed as trustee, Marcus was ordered to pay the Trust $174,727.29 and Antoinette was awarded reasonable attorney fees and costs. Marcus appealed that decision, and we affirmed.

Dissatisfied with Antoinette's administration of the Trust, Marcus filed the petition at issue in this appeal seeking, among other relief, to remove Antoinette as trustee and to compel the Trust to perform an accounting. The Trust filed an answer as well as a motion to dismiss the petition under "CR 12(b) for lack of jurisdiction, insufficiency of process, insufficiency of service of process, and failure to join an indispensable party." The trial court granted that motion on multiple grounds, including that the petition "is unsupported by admissible credible evidence sufficient to establish that [Marcus] is entitled to any relief." Marcus filed a motion for revision, but the trial court did not decide that motion because Marcus failed to note it for hearing as required by LCR 7(b)(8)(iii).

Marcus appeals.

---

[1] Because both parties share a last name, we use their first names for clarity.

ANALYSIS

A.      Dismissal Under RAP 18.9

Preliminarily, Antoinette argues that "Mr. Price's Failure To Pay Prior Judgments Justifies Dismissal Under RAP 18.9." RAP 18.9(a) reads: "The appellate court may condition a party's right to participate further in the review on compliance with terms of an order or ruling including payment of an award which is ordered paid by the party." As the plain language of RAP 18.9 confirms, we may condition further review on compliance with an order requiring payment of an award, but we may not dismiss an appeal under this rule. As a result, we deny Antoinette's request to dismiss this appeal under RAP 18.9.

B.      The Trial Court's Dismissal Ruling

Turning to the merits of the appeal, Marcus argues that the trial court erred when it dismissed his petition to remove Antoinette as trustee and to order the Trust to perform an accounting. We disagree.

A beneficiary of a trust may petition the superior court for the change of a trustee for "reasonable cause." RCW 11.98.039(4). Examples of reasonable cause to remove a trustee include breach of fiduciary duty, a conflict of interest between the trustee and the beneficiary, or bad will generated by litigation. *In re Estate of Ehlers*, 80 Wn. App. 751, 761, 911 P.2d 1017 (1996). "A court has a wide latitude of discretion to remove the trustee, when there is sufficient reason to do so to protect the best interests of the trust and its beneficiaries." *In re Estate of Cooper*, 81 Wn. App. 79, 94-95, 913 P.2d 393 (1996) (quoting *Schildberg v. Schildberg*, 461 N.W. 2d 186, 191 (Iowa 1990)).

3

A trial court's decision to remove a trustee is reviewed for an abuse of discretion. *In re Marriage of Petrie*, 105 Wn. App. 268, 274-75, 19 P.3d 443 (2001). A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). We do not substitute our judgment for that of the trial court even if we might have resolved the factual dispute differently. *Sunnyside Valley Irr. Dist. v. Dickie*, 149 Wn.2d 873, 879-80, 73 P.3d 369 (2003). We also do not reweigh or rebalance competing testimony and inferences even if we would have resolved the factual dispute differently. *Bale v. Allison*, 173 Wn. App. 435, 458, 294 P.3d 789 (2013).

Much the same standards of review apply to Marcus' argument that the trial court erred when it denied his petition to order the Trust to perform an accounting. Under RCW 11.106.040, "the court may order the trustee to file an account for good cause shown." This, too, is a discretionary ruling and is reviewed as such. *See Nelsen v. Griffiths,* 21 Wn. App. 489, 496, 585 P.2d 840 (1978) (recognizing trial court discretion to grant a request for an accounting); *In re Estate of Fitzgerald*, 172 Wn. App. 437, 448, 294 P.3d 720 (2012) (recognizing abuse of discretion as the applicable standard of review for TEDRA determination).[2]

---

[2] We similarly recognized that a deferential standard of review applies to discretionary decisions under TEDRA in *In the Matter of the Irrevocable Tr. of Donna Clark,* No. 83996-9-I, slip op. at 8 (Wash. Ct. App. Oct. 9, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/839969.pdf. Although that opinion is unpublished, we may properly cite and discuss unpublished opinions where, as here, doing so is "necessary for a reasoned decision." GR 14.1(c).

The trial court here correctly concluded that Marcus' petition "is unsupported by admissible credible evidence sufficient to establish that he is entitled to any relief." In support of his petition, Marcus attached a single document entitled "Errata Sheet," which included: (1) documents creating and detailing the provisions of the Trust; (2) demand letters from Marcus and other beneficiaries requesting an accounting from Antoinette; (3) reverse mortgage statements on properties owned by the Trust; and (4) appraisals of the property owned by the trust.

This evidence is insufficient to establish that Marcus is entitled to relief. First, Marcus did not authenticate any of the documents he attached to his petition. The rules of evidence apply to TEDRA proceedings (ER 1101), and in order for evidence to be admissible it must be authenticated (ER 901(a)). Second, even if this evidence was admissible, it does not establish "reasonable cause" for the change of a trustee under RCW 11.98.039(4) or "good cause" to order the Trust to perform an accounting. None of the attached documents show that Antoinette breached a fiduciary duty or failed to comply with her accounting duties established under the Trust. Rather, the attached documents are an unexplained collection of complaints and financial documents. On this record, the trial court did not abuse its discretion when it dismissed Marcus' petition.

Marcus further argues that the trial court erred when it dismissed his petition with prejudice rather than without prejudice. We again disagree. Under TEDRA, "[u]nless requested otherwise by a party in a petition or answer, the initial hearing must be a hearing on the merits to resolve all issues of fact and all

issues of law . . . ." RCW 11.96A.100(8). The Act further provides that "courts shall have full and ample power and authority under this title to administer and settle . . . [a]ll trusts and trust matters." RCW 11.96A.020(1)(b). The trial court thus had ample authority under TEDRA to dismiss Marcus' petition with prejudice. Having rejected each and all of Marcus' substantive arguments, we need not—and do not—reach his remaining arguments.

C.      Attorney Fees on Appeal

Lastly, Antoinette seeks attorney fees and costs on appeal. The trial court here awarded attorney fees in favor of Antoinette pursuant to RCW 11.96A.150. "If attorney fees are allowable at trial, the prevailing party may recover fees on appeal." *Aiken v. Aiken*, 187 Wn.2d 491, 506, 387 P.3d 680 (2017) (citing RAP 18.1). Because Antoinette has likewise prevailed on appeal, we grant her request for attorney fees and costs subject to compliance with RAP 18.1.

We affirm.

Feldman, J.

WE CONCUR:

Birk, J.

Coburn, J.

6